78 F.3d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Dean SINGLETON, Defendant-Appellant.
 No. 94-10601.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1995.
Decided March 1, 1996.
 
 1
 Before: WALLACE, Chief Judge, THOMPSON, Circuit Judge, and REA,* District Judge.
 
 MEMORANDUM
 
 2
 Singleton appeals from his conviction for one count of bank robbery under 18 U.S.C. § 2113(a). We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 1291. We affirm.
 
 
 3
 A district court's evidentiary rulings are reviewed for abuse of discretion. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995).
 
 
 4
 Singleton contends that the district court abused its discretion by admitting testimony from Sergeant Hefner regarding the reliability of eyewitness identifications. Hefner was present at the police show up where two eyewitnesses identified Singleton. On direct examination by the government, Hefner testified that during police show ups, he attempts to determine, based on his experience, when witnesses' identifications are reliable. Hefner explained why he thought witnesses often give conflicting descriptions of suspects, mentioning such factors as different viewing locations, cultural differences, educational differences, and language barriers. The district court allowed the jury to hear Hefner's testimony, finding that "he does have sufficient expertness to be of use to the jury."
 
 
 5
 We have typically viewed testimony regarding eyewitness reliability as being within the expertise of psychologists. See, e.g., United States v. Poole, 794 F.2d 462, 468 (9th Cir.), amended on other grounds, 806 F.2d 853 (9th Cir.1986). That was not the nature of Sergeant Hefner's testimony which was limited to a cursory description of the factors that he, in his experience, uses to judge the reliability of an eyewitness during a show up identification. The nature and scope of Hefner's testimony suggests that he was not testifying as an expert. However, Singleton argues that the district court erroneously qualified Hefner as an expert by referring to his "expertness."
 
 
 6
 Even assuming that the district court's decision to admit Hefner's testimony was an abuse of discretion, its admission was harmless. In light of the nature of the testimony and the other evidence against Singleton, we cannot say that it was more probable than not that Hefner's testimony affected the jury's verdict. See United States v. Hill, 953 F.2d 452, 458 (9th Cir.1991).
 
 
 7
 Singleton does not explain precisely how Hefner's testimony could have prejudiced him. Singleton argues only that because two juries could not reach a verdict in two prior trials, the admission of Hefner's testimony in his third trial must have affected the jury's verdict. Taken to its logical extreme, Singleton's claim would render per se reversible any new error that occurs in a defendant's retrial. Justice Stevens's concurrence in Kyles v. Whitley, 115 S.Ct. 1555, 1576 (1995) ("the fact that the jury was unable to reach a verdict at the conclusion of the first trial provides strong reason to believe the significant errors that occurred at the second trial were prejudicial"), at most, only begs the question whether the admission of Hefner's testimony was significant error.
 
 
 8
 The admission of Hefner's testimony could not have had an effect on the jury's verdict. First, the testimony was limited to information within the jury's knowledge. Second, even if the testimony were informative, its effect was to cast doubt on the accuracy of the witnesses' ability to identify Singleton accurately.
 
 
 9
 Because we hold that Hefner's testimony was not prejudicial, we also reject Singleton's contention that the prejudicial effect of the testimony outweighed its probative value.
 
 
 10
 Singleton also argues that the eyewitnesses' identification was the product of an impermissibly suggestive show up because of the use of bright lights, handcuffs, and a large number of officers. Singleton also asserts that the time lapse between the robbery and the show up exacerbated the likelihood of misidentification.
 
 
 11
 The constitutionality of pretrial identification procedures is a mixed question of law and fact to be reviewed de novo. Van Pilon v. Reed, 799 F.2d 1332, 1336 (9th Cir.1986). In Neil v. Biggers, 409 U.S. 188 (1972) ( Biggers ), the Supreme Court set out the test for determining whether a pretrial identification procedure was constitutionally permissible. First, we must determine whether the procedure was unnecessarily suggestive; second, if it was suggestive, we must determine whether under the totality of the circumstances the identification was nonetheless reliable. Id. at 199.
 
 
 12
 Even assuming the procedure was impermissibly suggestive, see Ponce v. Cupp, 735 F.2d 333, 336 (9th Cir.1984), we hold that the show up was reliable. The factors we consider in determining reliability are the witness's opportunity to view the criminal during the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the witness's level of certainty at the identification confrontation, and the length of time between the crime and the confrontation. Biggers, 409 U.S. at 199-200.
 
 
 13
 Both witnesses were certain that Singleton was the one they saw at the bank. As the magistrate judge explained, the two witnesses gave similar descriptions of the suspect and, aside from age, the descriptions closely matched Singleton's actual appearance. The show up occurred less than five hours after the robbery. The police did not do anything that either witness considered suggestive or influential. The police lights did not make the show up unreliable; the show up was being conducted at night. Overall, the show up, even if suggestive, did not result in an unreliable identification.
 
 
 14
 AFFIRMED.
 
 
 15
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 Honorable William J. Rea, United States District Judge, Central District of California, sitting by designation